IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR KHOLOD,  :  No. 3:24cv1631
        Plaintiff  :
          :  (Judge Munley)
   v.  :
          :  (Magistrate Judge Schwab)
NATIONSTAR MORTGAGE LLC,  :
d/b/a MR. COOPER;  :
WELLS FARGO BANK, N.A.,  :
        Defendants  :
............................................................................................................

## MEMORANDUM ORDER

On August 12, 2025, the court adopted a report and recommendation ("R&R") from Magistrate Judge Susan E. Schwab, which granted Defendants Wells Fargo Bank, N.A. and Nationstar Mortgage LLC's motions to dismiss Plaintiff Victor Kholod's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 22). The R&R recommended dismissing Kholod's claims under the Electronic Funds Transfers Act ("EFTA"), 15 U.S.C. § 1693. (Doc. 21, at 9-12).[1] As for Kholod's state law claims under (1) Article 4A of the Uniform

---

[1] Plaintiff Victor Kholod commenced this civil action via a complaint he filed in the Magisterial District Court 43-4-02, in Monroe County, Pennsylvania, on September 9, 2024. (Doc. 1). Defendant Wells Fargo was served with a copy of the summons and complaint on September 11, 2024. (Id.) Before Defendant Nationstar was served, Wells Fargo removed this case to the Middle District of Pennsylvania pursuant to a notice of removal filed on September 25, 2024. (Id.) The Notice of Removal asserted that the court has federal subject matter jurisdiction because the complaint asserts a cause of action under federal law, specifically the EFTA, and that the court has supplemental jurisdiction over Kholod's state law claims. (Doc. 1, at 2-3).

Commercial Code, 13 PA. CONS. STAT. § 4A101, *et. seq.*; (2) Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 PA. CONS. STAT. § 201-1, *et. seq.*; and (3) state contract law, the R&R recommended that the court decline to exercise supplemental jurisdiction. (Id. at 12-14).[2] The R&R further recommended providing Kholod with leave to file an amended complaint. (Id. at 18). Lastly, the R&R recommended that the court remand the state law claims back to the Magisterial District Court 43-4-02, in Monroe County, Pennsylvania if Kholod failed to file an amended complaint. Neither Kholod nor defendants objected to the R&R.

The court adopted the R&R in its entirety and provided Kholod with twenty-one (21) days to file an amended complaint in this matter. (Doc. 22). The court further advised Kholod that failure to file an amended pleading within the required period would result in dismissal of the action and remand of Kholod's state law claims back to the Magisterial District Court. (Id.) To date, Kholod has not filed an amended complaint nor requested an extension of time, and the time for such filing has passed. The court will thus dismiss the EFTA claims with prejudice and remand the state law claims to the Magisterial District Court.

---

[2] Additionally, the R&R warned Kholod that the use of fictitious caselaw in the future could result in the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure. (Doc. 21 at 14-18).

As for dismissal of the EFTA claims, if a plaintiff fails to prosecute a case or comply with court orders, district court judges are empowered to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) and its own inherent authority to manage the docket for the orderly and expeditious disposition of cases. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31(1962)). Decisions regarding dismissal of actions on these grounds rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Such discretion is regulated by the required balancing of several factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

First, courts "should gauge a party's knowledge before dismissing the case[.]" United States v. Brace, 1 F.4th 137, 144 (3d Cir. 2021). Kholod proceeds *pro se* in this case. He is personally responsible for not filing an

amended complaint as ordered. This factor weighs in favor of dismissal of the EFTA claims with prejudice.

Regarding the second Poulis factor, there is some prejudice to defendants based on Kholod's failure to comply with a court order. This factor weighs in favor of dismissing the federal claims with prejudice.

The third Poulis factor considers a history of dilatoriness, and the fourth Poulis factor considers whether plaintiff's conduct was willful or in bad faith. Here, despite being advised that he needed to plead additional facts to state federal claims against the defendants within twenty-one (21) days of the court's order adopting the R&R, Kholod failed to file an amended complaint by the court-imposed deadline addressing the deficient EFTA claims. The federal claims cannot move forward on the allegations provided to date. Such conduct reflects dilatoriness and willfulness and supports dismissal of the EFTA claims with prejudice.

As for the availability of alternative sanctions, the fifth Poulis factor, plaintiff is a *pro se* litigant. Fines or other monetary sanctions would not be effective in this case. The only sanction available to the court is dismissal of the federal claims.

Meritoriousness is the sixth and final Poulis consideration, and it is of paramount importance. See Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir.

2013). "A claim…will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]" Poulis, 747 F.2d at 869–70. Here, in providing plaintiff with leave to amend, the court believed that plaintiff could potentially state plausible EFTA claims against the defendants. As detailed above, however, rather than attempt to move these claims forward for consideration on their merits, plaintiff has taken a different approach. He appears willing to stand on the allegations of his original complaint. Those allegations fall short of stating meritorious EFTA claims as detailed by Magistrate Judge Schwab in the R&R. Because plaintiff has refused to allege facts to demonstrate that his case has merit, dismissal of the EFTA claims with prejudice is the appropriate sanction.

As for the state law claims, the R&R addressed the reasons why the court should not exercise supplemental jurisdiction in the absence of valid federal claims. (Doc. 21, at 12-14). Plaintiff appears willing to stand on the allegations supporting his state law claims. The August 12, 2025 order dismissed the state law claims without prejudice anticipating the filing of an amended complaint. (Doc. 22). In the absence of an amended complaint, the court will modify the portion of the August 12, 2025 order dismissing the state law claims in the complaint and will remand this action to the appropriate Magisterial District Court.

Accordingly, considering the above factors, it is hereby **ORDERED** that:

5

1) Plaintiff's EFTA claims are **DISMISSED** with prejudice due to Kholod's failure to file an amended complaint as previously ordered;

2) The August 12, 2025 order, (Doc. 22), is hereby modified to **REMAND** the state law claims in Kholod's complaint to the Magisterial District Court 43-4-02, in Monroe County, Pennsylvania, as opposed to dismissing them without prejudice;

3) The Clerk of Court shall remand Kholod's state law claims to the Magisterial District Court 43-4-02, in Monroe County, Pennsylvania; and

4) The Clerk of Court is directed to close this case.

Date: 9/3/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court